UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT L. DETWILER, JR., | No. SACV 06-1222 FFM |
| Plaintiff, | MEMORANDUM DECISION |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits. On January 24, 2007 and January 31, 2007, plaintiff and defendant, respectively, consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the case management order entered on January 10, 2007, on September 5, 2007, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record (the "AR"), filed by defendant on May 9, 2007, and the Joint Stipulation (the "JS"). For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

///
///
///

## PROCEDURAL HISTORY

On September 10, 2004, plaintiff filed an application for disability insurance benefits. Plaintiff's claim was denied. Plaintiff filed a request for a hearing before an administrative law judge (the "ALJ"). ALJ Mason D. Harrell Jr. held a hearing on December 9, 2005. Plaintiff appeared with counsel and testified at the hearing. (See AR 329-440.)

On March 24, 2006, the ALJ issued a decision denying benefits. (AR 17-28.) On May 30, 2006, plaintiff sought review of the decision before the Social Security Administration Appeals Council. (AR 12.) The Council denied plaintiff's request for review. (AR 5-8.)

Plaintiff filed his complaint herein on December 27, 2006.

## CONTENTIONS

Plaintiff raises five issues in this action:

1. Whether the ALJ properly considered the testimony of plaintiff;

2. Whether the ALJ properly considered the opinion of Dr. Wendell E. Wettstein, a treating physician;

3. Whether the ALJ's hypothetical was complete;

4. Whether the ALJ properly considered the testimony of Ms. Detwiler, plaintiff's mother; and

5. Whether the vocational evidence supports disability.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420,

28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986).

Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003).

## DISCUSSION

**Issue One - Whether the ALJ properly considered the testimony of plaintiff.**

Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support their alleged severity. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or diagnostic evidence to support the severity of his pain . . . , a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain") (internal citation omitted); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying Bunnell to subjective physical complaints). However, an ALJ may reject a claimant's allegations upon: (1) finding evidence of malingering; or (2) providing clear and convincing reasons for so doing. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

The following factors may be considered in weighing the claimant's credibility in the absence of evidence of malingering: (1) his reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony

and his conduct; (3) his daily activities; (4) his work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.). The ALJ may also use "ordinary techniques of credibility evaluation." *Thomas*, 278 F.3d at 960. "General findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (1998). The ALJ must state which testimony is not credible and identify the evidence that undermines the plaintiff's complaints. *Id.*; *Benton*, 331 F.3d at 1041. The ALJ's credibility determination is entitled to deference if his reasoning is supported by substantial evidence in the record and is "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . . ." *Bunnell*, 947 F.2d at 345 (internal quotation marks omitted); *see also Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) (ALJ must "point to specific facts in the record which demonstrate that [the claimant] is in less pain than she claims").

   The ALJ largely recounted and apparently accepted the majority of plaintiff's testimony. However, although stating that plaintiff testified that "[s]leep apnea keeps him up at night," the ALJ ignored plaintiff's testimony that as a result plaintiff had to lie down and rest three times a day, for a total of four to five hours. (AR 406-07; *see also id.* at 380 (Dr. Wettstein's "Fatigue Questionnaire" stating that plaintiff needed to lie down every two hours).) Significantly, the Vocational Expert testified that if plaintiff had to lie down more than just during the lunch break he would not be employable. (AR 435.) Medical records substantiated that plaintiff suffered from sleep apnea, although the severity is not clear from the record, other than from plaintiff's testimony. (AR 229-32.)

   The ALJ's sole discussion of plaintiff's credibility was as follows:
   The claimant's statements regarding symptoms and resulting limitations are generally credible, but only to the extent consistent with having the

4

ability to perform work as per below. I [sic] the claimant's COPD was a more sever problem, the claimant would not be smoking 1/2 pack of cigarettes a day.

AR 24.

Because the ALJ did not cite any evidence of malingering, he had to support his adverse credibility finding with "specific, clear and convincing reasons." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted). Here, the ALJ did not even mention, much less provide any reasons for discounting, plaintiff's testimony regarding his exhaustion during the day. Remand is thus required for the ALJ to consider all of plaintiff's testimony. If the ALJ again chooses to reject all or part of plaintiff's testimony, he must provide clear and convincing reasons, supported by substantial record evidence, for so doing. If the ALJ does not reject all or part of plaintiff's testimony, he must redetermine plaintiff's RFC, and proceed with the sequential evaluation process from there, if the testimony credited so requires.

**Issue Two - Whether the ALJ properly considered the opinion of Dr. Wendell E. Wettstein, a treating physician.**

In evaluating physicians' opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither treat nor examine the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *limited on other grounds, Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1502, 416.902, 404.1527(d), 416.927(d). As a general rule, more weight should be given to the opinion of a treating source than to the opinions of doctors who do not treat the claimant. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

///
///

If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the Administration considers specified factors in determining the weight it will be given. Those factors include the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. 20 §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii); *Orn*, 495 F.3d at 631. Under those factors, even if a treating physician's opinion does not meet the test for controlling weight, it may still be entitled to the greatest weight and should be adopted. Social Security Ruling 96-2p, 1996 WL 374188 (S.S.A.) at *4.

In turn, the Ninth Circuit has held that an ALJ may reject a treating physician's uncontradicted opinion on a medical impairment or the ultimate issue of disability[1] only with "clear and convincing" reasons supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993)) (internal quotation marks omitted). If the

---

[1] In order to meet the statutory definition of "disabled," a claimant must satisfy both medical and vocational components. 42 U.S.C. § 1382c; *Frost v. Barnhart*, 314 F.3d 359, 365 (9th Cir. 2002). To satisfy the medical component, the claimant must prove an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). To satisfy the vocational component, a claimant must prove that his or her impairments "are of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.* at § 1382c(a)(3)(B).

treating physician's opinion on the issue of disability is controverted, the ALJ must still provide "specific and legitimate" reasons supported by substantial evidence in the record in order to reject the treating physician's opinion. *Lester*, 81 F.3d at 830; *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001). "The ALJ could meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

The ALJ discussed Dr. Wettstein's testimony as follows:

> Wendell Wettstein, M.D., reported on July 25, 2005, that the claimant was not able to maintain adequate attendance on a sustained daily basis at any job. He opined that the claimant had the ability to sit/stand less than 6 hours a day; needed to rest 3-5 hours throughout an 8 hour workday; should do no lifting; should not use his hands repetitively; should never bend, squat, kneel, climb or reach; and, should avoid exposure to unprotected heights, dust/fumes/gases, moving machinery, and driving automotive equipment (Exhibit 10F).
>
> On April 7, 2005, Dr. Wettstein diagnosed COPD, permanent. He concluded that the claimant was unable to perform any work. Chest x-rays dated in April 2004 revealed moderately extensive pleural thickening in the left chest with associated pleural parenchymal scarring, most likely due to old inflammatory process. Other than this the chest x-rays were unremarkable. Left knee x-rays from June 2005 established postoperative knee with early minor degenerative arthritis (Exhibit 13F).
>
> . . . .
>
> The undersigned credits the consulting examiners (Exhibits 3F, 5F) and the DDS reviewing physician (Exhibit 4F) based on supportability with medical signs and laboratory findings; area of specialization, and, consistency with the record. Dr. Wettstein's statements regarding

symptoms and resulting limitations (Exhibits 10F, 13F) are generally credible, but not to the extent alleged, because the medical source statement from this treating source appears to be based primarily on the subjective statements of the claimant. The underlying documentation from the treating source provided in the record reveals little, if any, objective observation of signs or symptoms or administration of an appropriate diagnostic examination along with a description of results. Such lack of documentation fails to support the limitations provided in the statements.

AR 24.

Plaintiff contends that chest X-rays ("[m]oderately extensive pleural thickening in the lateral aspect of the left chest with associated pleural parenchymal scarring in the lateral aspect of the left midlung field" described in report of April 2004 X-ray (AR 159)); "positive findings concerning the lungs" ("ABN." checked for "LUNGS" on "Progress Notes" forms dated December 2003, April, November and December 2004 (AR 209-11, 224, 226)); reports of visual atrophy in the left thigh ("slight quadriceps atrophy" in May 16, 2003 exam of plaintiff's knee; "noticeable quadriceps atrophy of the left thing" in February 2004 exam of plaintiff's knee; "visual atrophy in the left thigh" in May 2004 exam of plaintiff's knee); notations of anxiety and depression ("[a]nxiety [d]isorder" or "[d]epression" scribbled on "Progress Notes" forms dated September, October, and December 2003); indications of moderate obesity and sleep disorder ("moderately obese male" stated in "Indications for Study" and "Moderate Positional Sleep Apnea Syndrome" stated in "Diagnosis" sections of February 2005 "Report of Polysomnography"); and spirometry testing ("moderate obstruction as well as low vital capacity, possibly from a concomitant restrictive defect" interpretation on August 1992 "Spirometry Report") provide objective evidence supporting Dr. Wettstein's conclusions. However, the ALJ was referring to underlying documentation from Dr. Wettstein, which was virtually nonexistent. As to interpretation of the above referenced X-rays, progress notes, knee examinations, sleep study, and spirometry

testing, Dr. Wettstein provided no interpretation of any of them. Under these circumstances, the ALJ's findings that Dr. Wettstein's conclusions appeared "to be based primarily on the subjective statements of the claimant"; that "[t]he underlying documentation from the treating source provided in the record reveals little, if any, objective observation of signs or symptoms or administration of an appropriate diagnostic examination along with a description of results" are well founded. Therefore, remand is not required on this issue.

**Remaining Issues.**

Depending on the ALJ's findings on remand, the hypothetical posed to the Vocational Expert may or may not need to be reformulated. Similarly, because the ALJ rejected Ms. Detwiler's testimony based in part on plaintiff's testimony, his rejection of Ms. Detwiler's testimony may or may not be impacted by the ALJ's findings on remand relating to plaintiff's testimony. Finally, the ALJ will have an opportunity to consider the new evidence on remand.

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED: 12/7/09

FREDERICK F. MUMM
United States Magistrate Judge